Filed 11/13/13  P. v. Spencer CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058208 |
| v. | (Super.Ct.No. FCH1200334) |
| KELLY SEAN SPENCER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Shahla Sabet, Judge.  Affirmed.

Esther K. Hong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### STATEMENT OF THE CASE

On November 15, 2012, an information charged defendant and appellant Kelly Sean Spencer with one felony count of battery on a nonconfined person by a prisoner in

violation of Penal Code[1] section 4501.5.  The information also alleged that defendant was previously convicted of a serious or violent felony under section 422 within the meaning of section 1170.12, subdivisions (a) through (d), and section 667, subdivisions (b) through (i).[2]

On February 25, 2013, defendant filed a motion in limine to (1) exclude his prior convictions for impeachment; (2) bifurcate the trial for his prior felony conviction; (3) incorporate and preserve for appeal all applicable federal and state constitutional objections; and (4) exclude photographs of him after the incident.

The trial court denied defendant's request to exclude his prior convictions and allowed him to be impeached with his three prior convictions without disclosing the nature of the convictions.  However, the court granted defendant's motion to bifurcate and to preserve all applicable federal and state constitutional objections.  Moreover, after the prosecution informed the court that it did not intend to introduce the challenged photographs, the court granted defendant's request to exclude photographs without prejudice.

On the same date, defendant again requested a *Marsden* hearing.  A hearing was held, and the court subsequently denied defendant's request.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  On September 12, 2012, prior to the filing of the information, defendant requested a hearing under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), which the court denied.

2

Jury trial commenced on February 26, 2013. The next day, the parties stipulated regarding defendant's "969(b)" prior prison term packet, to remove page No. 5 of the packet and to redact certain information from page No. 2 of the packet.

That same day, the court denied defendant's motion for entry of judgment of acquittal under section 1118.1. Thereafter, the jury found defendant guilty of count 1. The court then held a trial on defendant's prior conviction and found his prior strike to be true. Defendant requested to be immediately sentenced. Defendant was then sentenced to a total term of six years in state prison.

On March 1, 2013, defendant timely filed his notice of appeal.

## STATEMENT OF FACTS

### A. Prosecution Case

On January 22, 2012, defendant was an inmate at the California Institution for Men run by the California Department of Corrections and Rehabilitation. Sergeant Chavez heard defendant yelling, crying, shouting, and cursing at inmates and employees who were passing him. Sergeant Chavez moved defendant into a holding cell. A mesh door separated defendant from the sergeant.

Sergeant Chavez attempted to question defendant. She asked him if she could be of any assistance to him. Instead of answering, he cursed and yelled at her. Defendant then stated, "Fuck you, fat bitch. You need to go to Jenny Craig. I will get you. You need to leave me the fuck alone." Immediately after saying those words, he "pulled his shoulders back and collected saliva in his mouth." He then "spit" on her. The spit hit the

3

sergeant's shoulder and neck area, and stained her uniform. The sergeant immediately left the area and informed her supervisor of the incident.

Defendant also told the sergeant, "I'm going to get you for this, bitch. You better watch out. I'm going to call my attorney, and he'll get me out of it." He also told her that she was going to pay for this.

*B. Defense Case*

Defendant testified that he was an inmate on January 22, 2012. He denied spitting on Sergeant Chavez. Defendant denied yelling or screaming. Defendant stated that he was in a holding tank on the main hallway and Lieutenant Thomas approached him. Defendant admitting making an offensive comment to the lieutenant. Defendant further testified that Sergeant Chavez told him not to insult her lieutenant. Defendant testified that the lieutenant "licked his thumb, and he put it on [the sergeant's] shirt." According to defendant, he never made any insulting statements to Sergeant Chavez, and he believed that the sergeant completely fabricated her report and the spitting incident.

**ANALYSIS**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:


RICHLI
J.


CODRINGTON
J.